IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DONALD HARTMAN, Register No. 534307,   )
                                       )
                    Plaintiff,         )
                                       )
            v.                         )      No. 07-4016-CV-C-NKL
                                       )
BARBARA CASSADY, et al.,               )
                                       )
                    Defendants.        )

**REPORT, RECOMMENDATION AND ORDER**

     Plaintiff Donald Hartman, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named as parties defendant are Missouri Department of Corrections personnel Barbara Cassady and Arthur Woods.

     In support of his claims for equitable relief and damages, plaintiff states he is having neck pain from having a "flat pillow" and requests a new, fluffy pillow.

     Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Here, plaintiff asserts that denial of a fluffy pillow constitutes cruel and unusual punishment, in violation of the Eighth Amendment. The Eighth Amendment proscribes punishment that involves the "unnecessary and wanton infliction of pain" and that is "grossly out of proportion to the severity of the crime." Gregg v. Georgia, 428 U.S. 153 (1976). In determining whether inmates' conditions of confinement violate the Eighth Amendment, the court looks at the "totality of the circumstances" that make up those conditions. See Rhodes v. Chapman, 452 U.S. 337, 363 (1981); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), on appeal after remand, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985). Further, the court must apply the "deliberate indifference" standard. Wilson v. Seiter, 501 U.S. 294, 303 (1991) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Officials are deliberately indifferent if they "know of and disregard an excessive risk to inmate health and safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). To be held liable, officials "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and [they] must also draw the inference." Id. Failure to perceive a significant risk and thus to eliminate it does not constitute the infliction of punishment. Id. Moreover, prison officials who respond reasonably to a known risk may not be held liable under the Eighth Amendment, even if their response failed to prevent injury. Id. at 844.

Conditions are not cruel and unusual merely because they are harsh or uncomfortable. To be cruel and unusual, the plaintiff must be deprived of one or more of the basic necessities of life. Brown v. Nix, 33 F.3d 951 (8th Cir. 1994). A fluffy pillow is not such an item, absent a medical necessity. According to the documents submitted by plaintiff, medical staff has not authorized a new pillow, but merely recommended to plaintiff that he fold the pillow to make it more supportive.

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

Based on the foregoing, plaintiff's motions for injunctive relief should be denied.

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's motions for injunction relief for a new pillow, for subpoena, and for the court to retain his state-issued pillow for evidence be denied. [6, 7, 9, 10] It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $350.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $350.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 6th day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge